UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Thomas Earl Plankers, | ) | C/A No. 4:17-cv-3264-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Founders Group International, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's motion for summary judgment. ECF No. 28. Plaintiff filed a response in opposition, and Defendant filed a reply. ECF Nos. 33, 36. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On May 16, 2019, the Magistrate Judge issued a Report recommending that the motion for summary judgment be denied. ECF No. 47. Defendant filed objections to the Report, and Plaintiff filed a reply. ECF Nos. 48, 50.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law which the Court incorporates into this Order by reference. Plaintiff brings this action pursuant to the Age Discrimination in Employment Act. ECF No. 1. Progressing through the *McDonnell-Douglas*[1] burden shifting framework, the Magistrate Judge found that there is a genuine issue of material fact with respect to whether Plaintiff's employment was terminated because of his age. Defendant makes two objections to the Report, which the Court will address in turn.

Defendant first argues that it is entitled to a strong inference that discrimination was not the determining factor in Plaintiff's termination because Plaintiff was already a

---

[1] Under the burden shifting framework, a plaintiff must establish a prima facie case of discrimination. If a prima facie case is established, a rebuttable presumption is created that the defendant unlawfully discriminated against him. Once this presumption has been established, the burden of production shifts to the defendant to show a legitimate, non-discriminatory reason for its actions. If the defendant shows a legitimate, non-discriminatory reason for its actions, the burden is then on the plaintiff to come forward with evidence that the defendant's asserted reasons for its actions are a mere pretext for its true discriminatory motives, and that the actions of the defendant were really based on (in this case) plaintiff's age. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252–56 (1981).

member of the protected class when he was hired and promoted[2] by Defendant. It asserts that the decision to hire and terminate Plaintiff was made by the same decision maker, Mr. Liu, and that there was a relatively short timespan between Plaintiff's hiring in December of 2014 and his termination in January of 2017.

The Court agrees with Plaintiff that the short timeframe between hiring and firing is relevant to whether Plaintiff can establish that the proffered legitimate non-discriminatory reason for the adverse employment action is *pretextual*. *See Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991). Further, the Court agrees with the Magistrate Judge's analysis regarding whether there is sufficient evidence of pretext to survive a motion for summary judgment. Significantly, the proffered reasons for Plaintiff's termination, briefly discussed below, occurred before his promotion. Accordingly, a reasonable juror could conclude that the proffered reasons were pretextual.

Moreover, Defendant has provided inconsistent statements with respect to why Plaintiff was terminated. In his deposition, Mr. Liu stated that his decision to terminate Plaintiff was based on the visit to the Florence golf course and the problems with the purchase of the boat. ECF No. 28-1 at 7, 9, 14–15. In Defendant's response to the Charge of Discrimination, it raises the issues with the termination of the Sole's lease, the

---

[2] The Court notes that there is some disagreement between the parties regarding whether the change in Plaintiff's position was a transition or a promotion. Viewing all facts and inferences in the light most favorable to the non-moving party, the Court will refer to it as a promotion; however, it is unnecessary to decide this fact for purposes of ruling on Defendant's objections.

leasing of the 22 pieces of equipment, and the termination of photography agreements. ECF No. 28-6. No reason was provided at the time of Plaintiff's termination and the person who signed the Response to the Charge had no independent knowledge of any problem with Plaintiff's performance.[3] ECF No. 33-5 at 7, 9, 17. As stated by the Magistrate Judge, pretext can be found where the employer offers differing, post-hoc explanations for its employment decisions. *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 852 (4th Cir. 2001). Accordingly, this objection is overruled.

Second, Defendant argues that Plaintiff's uncorroborated testimony that Mr. Dou, Mr. Smothers, and Mr. Taylor made derogatory comments about his retirement are insufficient to establish the requisite but-for causation to survive a motion for summary judgment. The Court agrees with the Magistrate Judge's Report that Plaintiff's testimony regarding the disparaging comments was not the only evidence of causation. *See Arthur v. Petitioner Dairy*, 593 F. App'x 211 (4th Cir. 2015) ("[W]hen evaluating cases like this in summary judgment, our focus is on whether the plaintiff has provided sufficient evidence to cast doubt upon the employer's stated reasons for the employment action[.]"); *see also* Report of Magistrate Judge, ECF No. 47 at 12–13 (summarizing the evidence in the record and noting that Plaintiff was arguably promoted after the proffered reasons for termination occurred, the fact that some of the proffered reasons offered in the Response

---

[3] Ms. Jordan testified that she had been told about "the incident with the boat insurance and the boat loan" by Mr. Taylor but that "no one expressed any bad comments other than it had happened." ECF No. 33-5 at 9.

to the Charge and by Mr. Liu were inconsistent, and Plaintiff's testimony that the comments regarding his retirement were made within six months of his termination).

Accordingly, the Court adopts the Report of the Magistrate Judge. Defendant's Motion to for Summary Judgment [28] is **DENIED**. Further, Defendant's motion in limine [42] is **DENIED with leave to refile** at this procedural posture. Contemporaneous with this Order, the Court is filing a notice of a status conference on August 23, 2019, at 11:30 a.m. at the McMillan Federal Building to discuss future deadlines in this case.

IT IS SO ORDERED.

August 7, 2019  
Spartanburg, South Carolina

s/ Donald C. Coggins, Jr.  
United States District Judge